IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERONICA KESTLER, | § | |
| Plaintiff, | § § § | |
| v. | § § | Cause No. 4:17-cv-244 |
| GENVIEW CORPORATION, JACQUELYN MATTHEWS, and BOSANG DIA, | § § § § | A Jury is Demanded |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff, VERONICA KESTLER, by and through her undersigned counsel, hereby brings this action against Defendants, GENVIEW CORPORATION, JACQUELYN MATTHEWS, and BOSANG DIA (hereinafter sometimes referred to as "Defendants"), pursuant to the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III)("FLSA"). This is an individual action to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendant.

### PARTIES

1. Plaintiff, VERONICA KESTLER, was an "employee" of Defendants, as that term is defined by the FLSA. During her employment with the Defendants, the Plaintiff was individually and directly engaged in interstate commerce by

1

using the instrumentalities thereof (processing of credit cards), and her work was essential to Defendant's business.

2. Plaintiff resides in Harris County, Texas.

3. Defendants, JACQUELYN MATTHEWS, and BOSANG DIA, upon information and belief, are residents of Harris County, Texas.

4. Defendant, GENVIEW CORPORATION, is a corporation formed and existing under the laws of the State of Texas and which maintains and operates a personal grooming business in Harris County, Texas.

5. Defendants, GENVIEW CORPORATION, JACQUELYN MATTHEWS, and BOSANG DIA, jointly employed Plaintiff as a "stylist."

6. Defendants, GENVIEW CORPORATION is subject to the provisions of the FLSA, as it was at all relevant times engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, transporting materials through commerce, and conducting transactions through commerce, including the use of phones and/or cell phones, and the Internet.

8. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

9. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

10. From December 3, 2016, through January 12, 2017, Defendant employed Plaintiff as a "stylist" at the hourly rate of $12.50 per hours for the initial two (2) weeks of her employment and $14.00 per hour thereafter. Plaintiff's duties included the laser removal of hair for the Defendants' clients.

11. Plaintiff's schedule varied based on Defendants' schedules. However, the Plaintiff worked a total of 25 hours of overtime during her employment for which the Defendants did not pay her the additional half-time premium owed to her pursuant to the FLSA.

12. Plaintiff is owed 167.50 in unpaid overtime wages.

13. The Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

14. At all times relevant to this case, the Defendants had knowledge of Plaintiff's regular and overtime work. Defendants approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

15. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

16. Plaintiff further seeks liquidated damages as Defendant's conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

17. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

18. Plaintiff has retained the law firm of Ross Law, P.C. to represent her in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to their attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendant pursuant to 29 U. S. C. § 216(b).

## JURY DEMAND

Plaintiff, VERONICA KESTLER, hereby demands a trial by jury on all claims she has asserted in this Complaint.

## PRAYER FOR RELIEF

Plaintiff, VERONICA KESTLER, prays that the Court assume jurisdiction of this cause and that Defendants be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendants, jointly and severally, that their violations of the FLSA were willful;

2. Judgment against Defendants, jointly and severally, for an amount equal to Plaintiff's unpaid overtime at the proper rate;

3. Judgment against Defendants, jointly and severally, for an amount equal to the unpaid overtime compensation as liquidated damages;

4. If liquidated damages are not awarded, an award of pre-judgment interest;

5. Post-judgment interest at the applicable rate;

6. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

7. Leave to amend to add claims under applicable state laws, if necessary; and,

8. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Thomas H. Padgett, Jr.*
**THOMAS H. PADGETT, JR.**
Texas Bar No. 15405420
Fed. ID: 11554
Attorney-in-Charge
4809 Pine St.
Bellaire, Texas 77401
Ph: 800-634-8042
Ph: 512-474-7677
Fax: 512-4745306
tpadgett@rosslawgroup.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**